## Wooten v. Ratliff.

December 12, 1947.

R. Monroe Fields, Judge.

V. R. Bentley for appellant.

F. M. Burke and J. A. Runyon for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

W. H. Wooten brought this action to enjoin Harriet Ratliff from trespassing on his land. He alleged in his petition that he was the owner of a tract of land located on Marrowbone Creek in Pike County which he purchased from the Pike County Board of Education March 14, 1944; that the defendant without right, title or authority had gone upon the land and erected two residences; and was then erecting a fence across his land and attempting to appropriate a portion of it. The defendant filed an answer denying all allegations of the petition. A large amount of proof was heard. It appears that on October 12, 1908, Harriet Ratliff and

her husband, Joel Ratliff, executed and delivered to School District 27 of Pike County, Kentucky, with A. P. Gibson as trustee, a deed to a small tract of land on Marrowbone Creek. The land was described in the deed as follows:

"Beginning on a buckeye near the creek running about 10 feet to said creek and public road right of way, thence up said creek with said right of way 180 feet to a stake, thence across the creek and up the hill to the Edgewater C. & C. Co., Railway right of way near a stone thence down the right of way to a stone; thence straight across said bottom with parallel line to the house to the buckeye the beginning corner."

The boundaries of the lot to be conveyed had been agreed upon by A. P. Gibson, trustee of School District 27, and the owners, and a school building had been constructed on the lot before the deed was executed. Soon after the deed was executed the Ratliffs erected a rail fence which began at the creek and ran across the bottom to the railway right of way and parallel with the side of the schoolhouse. The fence passed within three to six feet of the schoolhouse. The rail fence was later replaced by a wire fence which remained until the school lot was purchased by Wooten in 1944. The chancellor adjudged that the fence was the dividing line between the school lot and the Ratliff property, and Wooten has appealed.

It is appellant's contention that the buckeye, referred to in the 1908 and 1944 deeds as the beginning point, stood 70 or 80 feet west of the schoolhouse. If the west line of appellant's lot is located at that point, two dwellings erected by the Ratliffs more than thirty years ago are on his land. One of these dwellings is occupied by appellee and the other by her tenant. There is no buckeye now standing in the fence line near the schoolhouse, but several witnesses testified that a buckeye stood at that point when the schoolhouse was erected. Dr. A. P. Gibson, who was trustee of School District 27 when the lot was purchased from the Ratliffs, testified that he had the school building erected near the lower or west property line in order to leave as much ground as possible above the building for the children's use as a playground. He also testified that

the Ratliffs erected a rail fence on the line soon after the lot was conveyed to the School District. C. H. Farley, superintendent of the Pike County Schools, testified that he acted as auctioneer when the property was sold by the Pike County Board of Education. He read the description and announced to the prospective bidders that he knew nothing concerning the location of the line and did not know how far the property extended down the creek. When he made this announcement the appellee, who was present, announced that the lower line ran with the eave of the house on the lower side. Appellant was present when the announcement was made. Appellant conceived the notion that his lot extends 70 or 80 feet west of the schoolhouse when he learned that a straight line from the fence just west of the building to the line of the adjoining property owners on the east was less than 100 feet in length, whereas his deed calls for 180 feet. The deed from the Ratliffs to appellant's predecessors in title did not call for a straight line. The call was "up said creek with said right of way 180 feet to a stake." Maps filed by both parties show that there is a sharp bend in the creek just east of the school building, and that the public road follows the creek. The distance from the point claimed as the corner by appellee to the line of the adjoining property owner on the east is 180 feet if the creek and public road are followed. The conclusion of the chancellor as to the location of the division line is overwhelmingly sustained by the evidence.

Counsel for appellant devotes much of his brief to the question of adverse possession, but appellee did not plead adverse possession and that question is not in the case. Appellee merely denied that appellant owned the property in question or that she was a trespasser.

Judgment is affirmed.